**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

DeMUN D. WALKER, Register No. 188966, )
)
                Plaintiff, )
)
                v. )      No. 09-4035-CV-C-SOW
)
C.O. II GALBRETH, et al., )
)
                Defendants. )

## ORDER

On April 20, 2009, plaintiff DeMun Walker was ordered to pay an initial partial filing fee of $2.11. Plaintiff was advised that "[i]f the initial partial filing fee is not received within thirty days from the date of this Order, this case will be dismissed without further notice." On June 2, 2009, plaintiff was granted an extension of time until June 16, 2009, in which to pay the initial partial filing fee. Plaintiff has failed to respond to the order. A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977), "[s]uch action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971)." Pro se litigants are not excused from complying with court orders. Farnsworth v. Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished) (Westlaw).

"The 'sanction imposed by the district court must be proportionate to the litigant's transgression'. . . ." Doe v. Cassel, 403 F.3d 986, 988-90 (8th Cir. 2005) (quoting Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216 (8th Cir. 1998)). Dismissal, without prejudice, is appropriate here. Amick v. Ashlock, 113 Fed. Appx. 191, 192 (8th Cir. 2004) (unpublished) (Westlaw) (dismissal, without prejudice, for failure to pay initial filing fee ordered by the court); Cosby v. Meadors, 351 F.3d 1324, 1328-31 (10th Cir. 2003) (affirming dismissal of prisoner's complaint for failure to pay assessed filing fee).

Plaintiff is notified that if he decides to file an appeal to the United States Court of Appeals for the Eighth Circuit, he will be required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). In Henderson, the Eighth Circuit stated that by filing a notice of appeal, the prisoner/appellant consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's account by prison officials.

On June 2, 2009, United States Magistrate Judge William A. Knox recommended that plaintiff's motions for summary judgment be denied as premature. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). No exceptions have been filed.

A review of the record convinces the court that the recommendation of the Magistrate Judge is correct and should be adopted.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of June 2, 2009, is adopted. [14] It is further

ORDERED that plaintiff's motions of April 29 and May 6, 2009, for summary judgment are denied as premature. [10, 12] It is further

ORDERED that plaintiff's claims in this case are dismissed, without prejudice.

    /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: July 13, 2009
Kansas City, Missouri